UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MOSES LOZANO, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

  *Plaintiff*,                                            Case No. SA-20-CV-00450-JKP

v.

**BEXAR COUNTY, TEXAS,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bexar County's Motion for Summary Judgement and Plaintiff Moses Lozano's Response. *ECF Nos. 16,18,19*. Upon consideration, Bexar County's Motion for Summary Judgment is DENIED.

## UNDISPUTED FACTUAL BACKGROUND

Moses Lozano initiated this litigation asserting a cause of action for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Lozano was employed by the Bexar County Military and Veterans Service Center ("VSC") from September 2017 to February 2020. The VSC is an advocate agency that provides services to veterans, their spouses and dependents in multiple areas, principally employment assistance and claims representation and counseling in connection with disability, survivors benefits, discharge upgrade, and other types of administrative claims and appeals before the United States Department of Veterans' Affairs (VA). From September 2017 through November 2018, Lozano's job title was "Assistant Veterans Services

Officer." In November 2018, as part of a restructuring of the VSC, Lozano's job title was changed to "Military Services Officer," although his duties were substantially the same in both positions. Lozano performed non-manual work in an office setting and was paid on a salary basis in an amount greater than $684 per week.

In his Complaint, Lozano alleges he regularly worked in excess of forty hours per week, and Bexar County violated the FLSA by misclassifying him as an employee exempt from the required overtime premium payment for these hours. In its Answer, Bexar County asserts the affirmative defense that Lozano's position falls within the FLSA's "administrative exemption," and for this reason, he was not entitled to receive overtime compensation under the FLSA.

Bexar County now moves for summary judgment on its administrative-exemption affirmative defense.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of some alleged factual

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). When the defendant moves for summary judgment on an affirmative defense, the defendant must establish each element of the defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax,* 40 F.3d 741, 744 (5th Cir.1994); *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1014 (W.D. Tex. 2000). To satisfy this burden, a defendant must make a showing sufficient for the court to conclude no reasonable trier of fact could find other than for the defendant; otherwise, there is a genuine dispute of material fact to preclude summary judgment. *JE Miller Investments, LLC v. VRC Companies, LLC*, 2:19-CV-209-BQ, 2020 WL 7010042, at *6 (N.D. Tex. Oct. 13, 2020)(quoting *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 851 (N.D. Tex. 2009). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Once the defendant carries its summary judgment burden with regard to an affirmative defense, the plaintiff then must produce competent summary judgment evidence demonstrating a genuine issue of material fact on at least one element of the defendant's defense. *Villa v. Hodge*, MO:17-CV-00070-RAJ, 2018

WL 1671025, at *2 (W.D. Tex. Jan. 2, 2018); *Paredes*, 128 F. Supp. 2d at 1014. The plaintiff must identify specific evidence in the record and articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## DISCUSSION

The FLSA requires payment of overtime compensation when an employee works more than forty hours per week. 29 U.S.C. § 207(a)(1). The FLSA exempts from this overtime requirement those employees who work in "a bona fide executive, administrative, or professional capacity. . ." (here, "the administrative exemption"). 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.200(a)(1). Because it is an affirmative defense, the employer has the burden of proving each of the three components of the administrative exemption: (1) the employee is compensated on a salary or fee basis at a rate not less than $684 per week; (2) the employee's primary duty is "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) the employee's primary duty "includes the exercise of discretion and independent judgment with respect to matters of

significance." 29 C.F.R. § 541.200(a); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The ultimate determination whether the administrative exemption applies to a particular employee is a question of law. *Lott v. Howard Wilson Chrysler–Plymouth, Inc.,* 203 F.3d 326, 330 (5th Cir. 2000). However, determination of the facts regarding the substance of a job, employment history and inferences based on these facts which support the elements of the affirmative defense involve factual findings. *See Smith v. City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir. 1992); *Dalheim v. KDFW–TV,* 918 F.2d 1220 (5th Cir.1990); *Cobb v. Finest Foods, Inc.,* 755 F.2d 1148, 1150 (5th Cir. 1985). To make these factual and legal determinations, an employee's job title is not determinative, but rather, the employee's salary and primary duties determine any qualification as an exempt employee. 29 C.F.R. §§ 541.2, 541.700(a). The court must examine the substantive nature of the employee's duties to determine whether the administrative exemption applies. *Id.*

In sum, within the context of this Motion for Summary Judgment, Bexar County must establish each element of the administrative-exemption affirmative defense as a matter of law or must make a showing sufficient for the court to conclude no reasonable trier of fact could find other than for Bexar County on each element. *Paredes*, 128 F. Supp. 2d at 1014. To begin, the parties do not dispute Lozano was a salaried employee and was compensated at a rate not less than $684 per week. Therefore, no genuine dispute of material fact exists with regard to the first element of the administrative-exemption affirmative defense.

**Element Three: Exercise of Discretion and Independent Judgment**

To establish the third element of the administrative exemption affirmative defense, the employer must establish the employee's "primary duty includes the exercise of discretion and

independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a). The "exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Id*. The employee must exercise "independent choice, free from immediate direction or supervision;" however, this requirement can be met even if "decisions or recommendations are reviewed at a higher level." *Id.* at § 541.202(c), § 541.207(e). "The term 'matters of significance' refers to the level of importance or consequence of the work performed." *Id.* at § 541.202(a); *Allen v. Priority Energy Services, LLC*, 7:16-CV-47-DAE, 2017 WL 11037104, at *12 (W.D. Tex. Sept. 1, 2017). Indeed, an employee's job may satisfy this element even if decisions made by the employee merely lead to recommendations for further action. 29 C.F.R. § 541.207(e); *Kohl v. Woodlands Fire Dep't*, 440 F. Supp. 2d 626, 637 (S.D. Tex. 2006); *Allen*, 2017 WL 11037104, at *12. The fact that an employee's decisions are subject to review, and that they may be reversed or rejected, does not mean that the employee is not exercising discretion and independent judgment. 29 C.F.R. § 541.207(e); *Kohl*, 440 F. Supp. 2d at 637. "The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources." 29 C.F.R. § 541.202(e); *Allen,* 2017 WL 11037104, at *12.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to:

> [w]hether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree ... whether the employee has authority to waive or deviate from established policies and procedures without prior approval ... whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives ... and whether the employee repre-

> sents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b).

To establish this element, Bexar County presents declarations from several of its employees, as well as answers to discovery, documents from Lozano's personnel file and the departmental job descriptions and job assignments for each of the relevant positions and Lozano's applications for the relevant positions. *Bexar County Motion, ECF No. 16, Exhs. A, B, C*. This summary judgment evidence presents evidence from which a reasonable jury could conclude the positions Lozano held allowed for and called for him to apply his independent discretion and judgment to the VSC's mission of providing advocacy and guidance to the military and veteran population of Bexar County. Specifically, the evidence demonstrates the VSC's primary mission is to counsel and advise clients regarding the services and benefits available to them, and Lozano exercised independent judgment in formulating advocacy plans for VSC clients that he then submitted as recommendations for supervisory review. *Bexar County Motion, ECF No. 16, Exh. A, Rolirad Decl. pars. 3-7*. In addition, this evidence shows Lozano "at times" exercised supervisory authority over his fellow Military Services Officers. *Id.*

Bexar County contends this evidence conclusively establishes as a matter of law Lozano exercised discretion and judgment that was not necessarily final, decision-making authority, but still central to the purpose and mission of the VSC. Bexar County contends this summary judgment evidence affirms that advocacy for veterans services was Lozano's "primary duty as an Military Services Officer, as well as VSC's central mission as an organization, and the evidence underscores the extent to which the exercise of discretion and independent judgment was necessary to fulfill this central mission."

Lozano presents a competing declaration in which he attests to his daily primary job duties and describes the work he performed. Lozano attests his primary job duty "was to interview veterans and their families to get the necessary information for filing a claim with the VA, then help them fill out the required paperwork. *ECF No. 18-2, Lozano Declaration, pars. 7-26.* I also did related data entry to help the county track the monetary benefits veterans were receiving." *Id*. at par. 7. Lozano attests that within his provision of services to his clients, he was bound by VSC policy and VA eligibility guidelines. *Id*. at pars. 12-26. In conducting the initial interview of a client, Lozano obtained necessary information and looked for specific information that matched up with eligibility criteria set by the VA. *Id*. Lozano attests he could only refuse to help a client file a claim in very specific circumstances laid out by the VSC. *Id*. As long as a client met the VA's qualifications, it wasn't his job to decide whether to help the client file a claim or what type of claims to file. *Id*. Otherwise, Lozano attests his job was done once he had submitted the paperwork to the VA for the client and completed related data entry. *Id*. Lozano attests he did not choose whether or which options to present to clients. *Id*. Instead, he simply applied his knowledge of VA eligibility guidelines to client situations, presented options to the clients and submitted any application for services based upon the client's decision. *Id*. Lozano attests successful completion of his job entailed no more than the use of his skill and experience in applying well-established techniques, procedures, or specific standards described in manuals or other sources. *Id*.

Lozano contends Bexar County's evidence demonstrates only that the VSC's clients sometimes had options for how to proceed, but does not conclusively establish Lozano had discretionary authority and was allowed to exercise independent judgment as a matter of law. Lozano contends his declaration and deposition establish the only "decision-making" involved in his

job was limited to matching client information to VA eligibility criteria. Lozano contends the summary judgment evidence shows he possessed little discretion or control because he was required to follow strict guidelines.

Both parties present competent summary judgment evidence which controverts the assertions and evidence of the opposing party. Based upon the competing summary judgment evidence and declarations, the final legal determination whether Lozano exercised discretionary authority and independent judgment requires the preliminary factual determinations of the weighing of evidence and determination of credibility of the witnesses. These factual determinations must be determined by a jury. *See Reeves,* 530 U.S. at 150; *Boudreaux*, 402 F.3d at 540.

Consequently, on this record and the evidence discussed, the Court concludes a genuine dispute of material fact exists with regard to the substance and duties of Lozano's job and the facts supporting his ability to exercise independent judgment and discretion. For this reason, this Court cannot make the legal determination whether Lozano's job fell within the administrative exemption. S*ee Allen*, 2017 WL 11037104, at *7. Because Bexar County must conclusively establish every element of the administrative-exemption affirmative defense, and it cannot do so with regard to the third element, summary judgment is not appropriate. The Court need not discuss the remaining element of this affirmative defense.

## **CONCLUSION**

Because a genuine dispute of material fact exists on an element of Bexar County's administrative-exemption affirmative defense, the Court **DENIES** Bexar County's Motion for Summary Judgment as to the applicability of this exemption to Lozano's FLSA cause of action.

9

It is so ORDERED.
SIGNED this 11th day of May, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE